DOMENGEAUX, Judge.
E. J. Dugas sued Dudley Broussard for the balance of an alleged $4,000.00 cash' loan made to Broussard. Broussard denied the existence of the loan, and reconvened for reimbursement of the sum of $2,000.00, alleging that Dugas used coercion, harassment, and duress in obtaining the acknowl-edgement and partial payment of the “debt” in the said amount of $2,000.00. The district judge rejected Dugas’ claim and awarded Broussard his reconventional demand. Dugas has appealed. We affirm.
In October of 1967 Dudley Broussard was injured in an offshore accident. Sometime subsequent to the accident, Roy Benoit, a trucker for whom plaintiff Broussard was employed on a part time basis, advised him that Dugas could help him get an attorney. Dugas was operating a business known as Dugas Detective Agency.[1]
Dugas did refer Broussard to an attorney, who subsequently obtained a settlement in his case for a substantial sum on April 19, 1971. A few days thereafter Broussard was hospitalized for pneumonia and asthma. While he was in the hospital on April 23, 1971, Dugas paid a visit to Broussard. Roy Benoit[2] claimed he was present and witnessed an exchange whereby $4,000.00 was given to Broussard by Dugas and an “I.O. U.” given by Broussard to Dugas in ac-knowledgement of the “debt”.
Broussard denies he ever received $4,000.00, or that Benoit was present at the time of Dugas’ visit to him at the hospital on April 23, 1971. He testified:

Q. Was your case settled?
A. It was.
Q. Now before the settlement was made, did you have an occasion to speak again with Mr. Dugas?
A. I did.
Q. And at that time what did Mr. Dugas tell you?
A. He wanted $4,000.00 for his services.
Q. Did he tell you what services?
A. Well, I thought he was the one that had done the investigation.
Q. So what did you as a result of that?
A. Well, I give him $2,000.00. But he didn’t want me to tell my lawyers. So before he got the other two I called the attorneys and they told me that he did not do any investigation.

And later he stated:

Q. What did he tell you he would do if you didn’t pay him the $4,000.00?
A. Well, it was a threat on me or my family.
Q. Do you remember his precise words?
A. Well, he said something was going to happen.
*1334 Q. And then what did he do?
A. And I wasn’t in no shape then to have anything to do with Mr. Dugas, because he’s a dangerous man. I know he carries a gun. That’s why he got the $2,000.00.

Broussard claims the I.O.U. was extracted by threats to his family, as was his payment to Dugas of $2,000.00 in cash on April 27, 1971, only a few days after the I.O.U. was given. His claims are believable.
Canter v. Koehring, 283 So.2d 716 (La. 1973) states that reasonable evaluations of credibility should not be disturbed upon review. Here the trial judge did not believe Dugas’ story, but did believe Broussard’s version of what happened. A review of the record satisfies us that Dugas’ credibility was completely impeached. Dugas’ answers and testimony were evasive and suspicious. The judge flatly stated that he did not believe Dugas ever loaned the money, and the evidence taken as a whole justifies that conclusion.[3] The trial judge made it very evident that plaintiff’s story was illogical, inconsistent with the facts, and unbelievable.
Our overview of the record shows that the trial judge was obviously satisfied, as we are, that plaintiff’s story was a sham and that the $4,000.00 “deal” was positioned on a fraudulent foundation. It is evident that Dugas was attempting to recover a fee (to which he was not entitled) from the ultimate money received in settlement by Broussard, and that the alleged $4,000.00 “cash” loan by Dugas to Broussard was never effectuated.
Because the judge found Dugas never loaned any money to Broussard, Broussard is entitled to a return of the $2,000.00 he was forced to pay Dugas.
For the above and foregoing reasons we affirm the judgment of the district court and costs are assessed against plaintiff-appellant.[4]

AFFIRMED.

. The plaintiff herein is identified in the record as the same E. J. Dugas of the cases Dugas v. Summers, 339 So.2d 934 (La.App. 4th Cir. 1976), and Gray v. Atkins, 331 So.2d 157 (La. App. 3rd Cir. 1976). His method of operations is fully described therein.

. The same, corroborating witness for Dugas in Dugas v. Summers, supra,

. At one stage of the proceedings, the trial judge stated for the record:
“. . .1 think I know exactly what went on in this transaction, and if you want me to say — the evidence isn’t all in, but just so there won’t be any misunderstanding, I don’t believe you, Mr. Dugas. I don’t believe you loaned that man $4,000.00.
You all go on with the case. I mean, I’m not going to sit up here like a bump on a log, you know.”

. Unfortunately our only sanction in this case is to affirm the district judge. We would feel remiss, however, if we would not express our utter amazement that the plaintiff, Dugas, by his actions herein and in the two cases cited in footnote 1 has the temerity to utilize our civil courts in an attempt to seek monetary gains for his highly questionable activities. The fact that he was unsuccessful in securing judgment in Dugas v. Summers, supra, and herein, should not end the matter. The proper authorities should legally investigate this man’s activities and sanctions should be imposed if found to be due.